USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12/2/25 _____

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x

JORDAN ANTHONY TAMAY TORRES,

      **Petitioner,**

   **-against-**

FRANCIS ET AL.,

      **Respondents.**

------------------------------------------------------------- x

     **1:25-cv-09573-ALC**

     <u>**ORDER TO TRANSFER**</u>

**ANDREW L. CARTER, JR., United States District Judge:**

   Petitioner, who is currently detained at the Delaney Hall Detention Center in Newark, New Jersey, brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. On December 1, 2025, Respondents filed a motion to transfer the case to the U.S. District Court of the District of New Jersey. ECF No. 11.

   In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the person seeking such relief. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973). Jurisdiction to consider a Section 2241 *habeas corpus* challenge to a person's physical confinement generally lies in the district court for the federal district where that person is confined. *Rumsfeld v. Padilla*, 542 U.S. 426, 442-443 (2004); *see also Khalil v. Joyce*, 771 F. Supp. 3d 268, 280-86 (S.D.N.Y. 2025) (holding that the court lacked habeas jurisdiction where the petition was transferred from 26 Federal Plaza to a facility in the District of New Jersey and petitioner was in New Jersey at the time of the filing of the petition).

   Respondents provide evidence that on November 23, 2025, Petitioner was booked out of the temporary hold room at 26 Federal Plaza at approximately 1:05PM for transportation to

Delaney Hall Detention Facility in Newark, New Jersey where he arrived around 2:00PM and has been detained since. ECF No. 11, 13. The Court previously indicated, after being informed by the Clerk of Court, that the Petition in this case was received via email at 2:58PM on November 23, 2025.

Given that Petitioner was detained in New Jersey at the time the Petition was filed, this Court lacks jurisdiction over this case. Because this Petition should have been brought in the United States District Court for the District of New Jersey, the Court finds that it is in the best interest of justice to transfer this action pursuant to 28 U.S.C. § 1406(a). Accordingly, respondents' motion to transfer is **GRANTED**. The telephonic conference scheduled for December 3, 2025 at 3:30PM is hereby **CANCELLED.** The Court's previous order not to transfer Petitioner is also hereby **CANCELLED.** ECF No. 3.

The Clerk of Court is respectfully directed to terminate all pending motions and transfer this case to the United States District Court for the District of New Jersey. To ensure that Petitioner's habeas petition is heard in the proper forum without undue delay, this Court finds that the seven-day waiting period in Local Civil Rule 83.1 should be waived, and this case should be promptly transferred.

**SO ORDERED.**

**Dated:  December 2, 2025**

      **New York, New York**                               **ANDREW L. CARTER, JR.**
                                                   **United States District Judge**